BIAGIO DE CICE et al., Plaintiffs, *v.* STEEL PROCESSING CORPORATION, Defendant.

Supreme Court, Special Term, Kings County, July 2, 1945.

*Cassese & Bruno* for plaintiffs.

*Appel & Tannenbaum* for defendant.

COLDEN, J. Application for a temporary injunction forbidding and restraining and enjoining the defendant herein from operating upon or using premises at No. 143–145 Jackson Street, Brooklyn, so as to produce offensive noises and vibrations to the plaintiffs' property. Sometime in 1942, the plaintiffs became the owners of premises on the north side of Jackson Street, about fifty feet west of Graham Avenue, which they use as their dwelling place. According to a diagram submitted, and not disputed, there is an empty lot adjoining plaintiffs' property on the east, the defendant's factory adjoins on the west, next to which is the warehouse of the Valentine Paint Company, and across the street from the Valentine Paint Company is another Valentine Paint Company building, to the east of which there is a garage. The premises of the defendant have been certified for use and occupation as a factory since July 26, 1929, and the defendant has been using such building for the manufacture of war products for the United States Navy since October 1, 1944.

The plaintiffs assert that an order was made by the presiding magistrate of the Fifth District Magistrate's Court, requiring the defendant to cease the operation of its machines from 7:30 P.M. until 7:30 A.M. The defendant asserts that the night operation of heavy machines, including hammers, was discontinued on or about March 23, 1945, and the operation of standard types of machines, such as lathes and presses, was discontinued on April 20, 1945, with the exception of two lathes and one press, and that on June 16, 1945, the night operation of all machines was discontinued.

The importance of the work which the defendant is doing is indicated in a telegram which was sent by Admiral Halsey under date of March 21, 1945, addressed " To THE MEN AND WOMEN OF STEEL PROCESSING CO ": " ROCKETS ARE PROVIDING NAVAL VESSELS AND AIRCRAFT WITH A NEW SUNDAY PUNCH FOR EVERY DAY IN THE WEEK. ON THE INVASION BEACHES, ESPECIALLY, ROCKETS ARE DOING A TERRIFIC JOB. THEY ELIMINATE LURKING JAPS, AND THEREBY HELP TO KEEP OUR OWN CASUALTIES AT A MINIMUM. THOUSANDS OF ROCKETS ARE EXPENDED IN A SHORT TIME IN EVERY AMPHIBIOUS OPERATION. WE NEED EVERY ROCKET YOU CAN PRODUCE. WE CAN'T HAVE TOO MANY OR HAVE THEM TOO SOON FOR THE TOUGH BATTLES AHEAD ".

Did this case involve only the rights of the plaintiffs against the defendant, the plaintiffs have failed to make an impressive showing upon this motion, but where the lives and safety of the men and women who are serving America on the battlefronts of the world are to be conserved by the prompt production of the products of the defendant, it is self-evident that this court should deny this application.